IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JOSHUA HAMILTON FAIRBANKS,**

        **Plaintiff,**

    **v.**                      **CASE NO.17-3158-SAC-DJW**

**JAMIE LEN LAWSON, et al.,**

        **Defendants.**


**<u>NOTICE AND ORDER TO SHOW CAUSE</u>**

Plaintiff Joshua Hamilton Fairbanks, a county inmate appearing pro se, brings this 42 U.S.C. § 1983 civil rights complaint. For the reasons discussed below, Plaintiff is ordered to show cause to the Honorable Sam A. Crow why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's complaint (Doc. #1) is based on the following allegations. Plaintiff was in the parking lot of 2409 Morningside Drive on October 19, 2016, when officers from the Lawrence Police Department ("LPD") approached him. Plaintiff agreed to a voluntary interview and was taken to the LPD's Investigations and Training Center where the interview was conducted. He was then returned to 2409 Morningside Drive where

1

LPD officers executed a search warrant on Plaintiff's apartment. According to Plaintiff, the warrant specifically referred to "all gray or black bandanas," but the officers obtained a purple bandana and a red bandana. LPD Detective Jamie Len Lawson then conducted two custodial interrogations of Plaintiff without advising Plaintiff of his Miranda rights.

Plaintiff was released but was arrested the next day pursuant to an arrest warrant. He remains in the Douglas County Jail.

According to online records of the Douglas County District Court, of which this Court takes judicial notice, Plaintiff was charged with one count each of aggravated burglary (K.S.A. 21-5807(b)) and attempted aggravated robbery (K.S.A. 21-5420(b)). He pled no contest to attempted aggravated burglary and attempted robbery (K.S.A. 21-5420(a)) in August of 2017, and is awaiting sentencing.

Plaintiff claims he was "unlawfully stopped, searched, arrested, and detained." Doc. #1, p. 2. He does not specify which of his constitutional rights were allegedly violated. Plaintiff describes his request for relief as "some form of financial compensation for the unlawful acts committed against me." Doc. #1, p. 6.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging

3

sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

**III. Discussion**

Plaintiff's complaint is subject to dismissal for a number of reasons.

**A. *Miranda* violation claim**

Plaintiff claims that Defendant interrogated him twice without advising him of his *Miranda* rights. The law is well settled that an alleged failure to warn an individual of their *Miranda* rights alone cannot form the basis of a § 1983 claim. *Chavez v. Martinez,* 538 U.S. 760, 772-73 (2003) (plurality opinion); *Bennett v. Pasic,* 545 F.2d 1260, 1263 (10th Cir. 1976)("The Constitution and laws of the United States do not guarantee [Plaintiff] the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act."); *Marshall v. Columbia Lea Regional Hosp.,* 345 F.3d 1157, 1165 n. 6 (10th Cir. 2003); *Haulman v. Jefferson County Sheriff Office,* 15 Fed. Appx. 720, 721 (10th Cir. 2001) ("[T]he law in this circuit is clear that the only remedy available for a *Miranda* violation is the suppression of any incriminating evidence." (citations omitted)).

As a result, any claim of Plaintiff relating to the alleged *Miranda* violations is subject to dismissal for failure to state a claim upon which relief may be granted.

**B. Seizure of items exceeding scope of warrant claim**

Plaintiff also contends that officers exceeded the scope of a search warrant when searching his apartment. Apparently, the warrant authorized the seizure of "all gray or black bandanas," but the searching officers seized a purple bandana and a red bandana. Plaintiff does not attach a copy of the warrant or provide any further explanation. However, given that Plaintiff was charged with aggravated robbery, the Court suspects witness testimony or surveillance video showed the perpetrator wearing a bandana.

A search that exceeds the scope of a search warrant may constitute a violation of the Fourth Amendment. The Fourth Amendment, which is made applicable to the states by the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . .." U.S. Const. amend. IV. "What is reasonable depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." *United States v. Montoya de Hernandez,* 473 U.S. 531, 537 (1985) (*citing New Jersey v. T.L.O.,* 469 U.S. 325, 337–42 (1985)).

Where a warrant "clearly and precisely specifies items to be seized, and the officers executing the warrant seize additional items, those officers act unreasonably for Fourth Amendment purposes unless their conduct may be justified under an exception to the warrant requirement, such as the plain-view exception." *Bowling v. Rector*, 584 F.3d 956, 971 (10th Cir. 2009); *citing Horton v. California,* 496 U.S. 128, 138–42 (1990).

"The plain view doctrine authorizes seizure of illegal or evidentiary items visible to a police officer whose access to the object has some prior Fourth Amendment justification and who has probable cause to suspect that the item is connected with criminal activity." *Harman v. Pollock*, 586 F.3d 1254, 1264 (10th Cir. 2009), *quoting Harman v. Pollock*, 446 F.3d 1069, 1087 (10th Cir. 2006. It seems likely to the Court that the plain view exception applies in this case. The warrant authorized the seizure of gray or black bandanas. A search for those items clearly provides the searching officers with Fourth Amendment justification for having access to red and purple bandanas. Depending on the factual allegations supporting the probable cause determination justifying issuance of the search warrant, the officers could have had probable cause to suspect the red and purple bandanas were connected with criminal activity. *See id.*

However, even if the plain view exception does not apply, the Fourth Amendment prohibits *unreasonable* searches and seizures. The seizure of red and purple bandanas found while searching for gray or black bandanas does not seem unreasonable based on the information available. *See Swope v. City of Pittsburgh*, 90 F. Supp. 3d 400, 411 (W.D. Pa. 2015) (finding the seizure of several sweatshirts other than the light gray or cream colored sweatshirts described in the warrant did not appear to be unreasonable as that term is meant under the Fourth Amendment where eye witnesses disagreed about the attire of the alleged perpetrator); *United States v. Ventresca,* 380 U.S. 102, 108 (1965) (the requirements of the Fourth Amendment are "practical and not abstract" and, therefore, the sufficiency of a warrant must be judged in a "commonsense and realistic fashion"); *United States v. Dougherty,* 541 F. Supp. 2d 734, 738 (E.D. Pa. 2008), *quoting United States v. $92,422.57,* 307 F.3d 137, 149 (3d Cir. 2002) ("[t]he 'particularity' requirement is designed to prevent the issuance of 'general warrants' that authorize 'a general, exploratory rummaging in a person's belongings'").

Plaintiff's claim that the defendant violated his constitutional rights by exceeding the scope of a search warrant is subject to dismissal for failure to state a claim.

**C. *Heck* bar**

Finally, even if Plaintiff's claims were not otherwise subject to dismissal, Plaintiff's complaint is barred under the rule of *Heck v. Humphrey*. Under the *Heck* doctrine, when a state prisoner seeks damages in a lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff seeks to establish in this civil rights action that certain of the searches, seizures, and interrogations that took place during investigation of the state criminal charges against him were unconstitutional. Despite the few details Plaintiff provided to the Court, it seems likely that Plaintiff's subsequent arrest and conviction pursuant to plea resulted from evidence obtained from the search and interrogations. Hence, a judgment here that the search or the interrogations were constitutionally deficient would necessarily imply that Plaintiff's conviction is invalid.

Because Plaintiff has not shown that his conviction has already been invalidated, whether reversed on direct appeal, expunged by executive order, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise

invalidated, this action appears to be barred by *Heck*. *See Heck*, 512 U.S. at 487. Unless Plaintiff can show either (1) that his conviction did not result from the search or the interrogations of which he complains but that he suffered some actual, compensable injury other than the "injury" of being convicted and imprisoned (*see id*. at 487 n.7), or (2) that his conviction has already been invalidated, his complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

**IV. Response Required**

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including October 27, 2017, in which to show good cause, in

writing, to the Honorable Sam A. Crow, United States District Judge, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 28th day of September, 2017, at Kansas City, Kansas.

s/ David J. Waxse

**DAVID J. WAXSE**
**U.S. Magistrate Judge**