## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSHUA HAMILTON FAIRBANKS,

**Plaintiff,**

v.                                                              CASE NO.17-3158-SAC

JAMIE LEN LAWSON, et al.,

**Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff alleges that he was unlawfully stopped, searched, arrested, and detained by the Lawrence, Kansas, Police Department.  He makes two specific claims.  First, he alleges he was interrogated twice without being advised of his *Miranda* rights.  Second, Plaintiff claims the search of his apartment violated the Fourth Amendment because it exceeded the scope of the search warrant.    Plaintiff seeks compensatory damages.

On September 28, 2017, U.S. Magistrate Judge Waxse entered a Notice and Order to Show Cause (Doc. #4)("NOSC") ordering Plaintiff to show cause by October 27, 2017, why this matter should not be dismissed due to the deficiencies set forth.  The NOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice.  Plaintiff has not responded to the NOSC.

The NOSC found that failure to warn an individual of their *Miranda* rights alone cannot form the basis of a § 1983 claim.  *See Chavez v. Martinez,* 538 U.S. 760, 772–73 (2003)

(plurality opinion); *Bennett v. Pasic,* 545 F.2d 1260, 1263 (10th Cir. 1976).   The NOSC also found that the seizure of red and purple bandanas where the warrant specified black or gray bandanas was not unreasonable under the Fourth Amendment.  *See Swope v. City of Pittsburgh*, 90 F. Supp. 3d 400, 411 (W.D. Pa. 2015); *United States v. Ventresca,* 380 U.S. 102, 108 (1965). Finally, the NOSC found that in any event, Plaintiff's claims are barred by the *Heck* doctrine because finding in Plaintiff's favor would necessarily call into question the validity of his conviction, and it has not already been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  All of Plaintiff's claims are dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this action is dismissed for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 17th day of November, 2017, at Topeka, Kansas.


**s/_Sam A. Crow_____**
**SAM A. CROW**
**U.S. Senior District Judge**